```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARTIN DONALDSON,

                Plaintiff,

    -against-                          ORDER
                                       10-CV-1690(JS)(ARL)

NASSAU COUNTY POLICE DEPARTMENT 3RD
PRECINCT, WILLINGSTON PARK¹, NY,
JOHN CEFALU, Shield #1145,
DETECTIVES JOHN DOES 1-4,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:     Martin Donaldson, pro se
                   # 10001164
                   Nassau County Correctional Center
                   100 Carman Avenue
                   East Meadow, NY 11554

For Defendants:    No Appearance
```

SEYBERT, District Judge:

Pending before the Court is the pro se Complaint of incarcerated plaintiff Martin Donaldson ("Plaintiff") against the Nassau County Police Department 3rd Precinct, Nassau County Police Officer John Cefalu and four unnamed detectives of the Nassau County Police Department 3rd Precinct alleging violation of Plaintiff's Fourth Amendment right against illegal search and seizure as protected by 42 U.S.C. § 1983. Accompanying the Complaint is an application to proceed in forma pauperis.

---

¹ The town of Williston Park is located in the 3rd Precinct of Nassau County. The Court presumes that Plaintiff intended to name Williston Park, not "Willingston Park," and the Clerk of the Court is hereby directed to update the docket.

Plaintiff's request for permission to proceed in forma pauperis is GRANTED and, for the reasons that follow, the Complaint is sua sponte DISMISSED WITH PREJUDICE.

BACKGROUND

Plaintiff's brief handwritten Complaint alleges that, on February 5, 2010, pursuant to two outstanding arrest warrants, Plaintiff's car was "boxed . . . in at the back of the Gladys Ave apartment complex" by Nassau County Police Officers including Defendant Detective John Cefalu in an effort to detain the Plaintiff who, together with his wife, was in the car. According to the Complaint, after the police identified the Plaintiff and his wife, they were each handcuffed and searched.[2] Plaintiff complains that "thay [sic] found a glass crack pipe residue and a green plastic bag with crack residue which was under the drivers seat and was not in 'Clear Site' [sic] of the police officers." Plaintiff alleges that the officers also found "two metal pieces of wire with residue in my pockits [sic]." As a result, Plaintiff was arrested and charged with criminal possession of a controlled substance in

---

[2] With regard to Plaintiff's wife, the Complaint alleges that "the officer put handcuffs on her and pat searched her and was diging [sic] in her pockits [sic] without the presences [sic] of a female officer on site." Compl. at IV. A pro se litigant may not assert claims on behalf of another person. 28 U.S.C. § 1654; see also Berrios v. New York City Housing Authority, 564 F.3d 130, 132 (2d Cir. 2009). Accordingly, to the extent the Complaint seeks to assert any claim on behalf of Plaintiff's wife, it is DISMISSED WITHOUT PREJUDICE.

the seventh degree. Plaintiff seeks an award of $3 million for unspecified damages.

## DISCUSSION

I. In Forma Pauperis

Having reviewed Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that he is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED.

II. The Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally and interpret it to raise the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197,

167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

III. Section 1983

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983 (2000).

To state a claim under Section 1983, a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person acting under state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States. Rae v. County of Suffolk, No. 07-CV-2138 (RRM)(ARL), 2010 WL 768720 at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). Section 1983 does not create a substantive right; rather, to recover, a plaintiff

must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). Furthermore, when bringing a Section 1983 action against a municipality, a plaintiff is required to plead three elements: "'(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" Zahra v. Southold, 48 F.3d 674, 685 (2d Cir. 1995) (quoting Batista v. Rodriquez, 702 F.2d 393, 397 (2d Cir. 1983)); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1977). "Local governing bodies . . . may be sued for constitutional deprivations visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." Monell, 436 U.S. at 690-91 (citations omitted).

A. Nassau County Police Department, 3rd Precinct, Williston Park, New York

At the outset, Plaintiff's claim against Nassau County Police Department 3rd Precinct must be dismissed because such Defendant is not a suable entity. "[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department). Here, Plaintiff's claim against the Third Precinct is improper and thus

5

should be redirected as against Nassau County.  See Jenkins v. City of N.Y., 478 F.3d 76, 93 n.19 (2d Cir. 2007) (holding that New York City Police Department is a non-suable entity); Wingate v. City of N.Y., No. 08-CV-0217, 2008 WL 203313, at *2 (E.D.N.Y. Jan. 23, 2008) (police precinct is not a suable entity).  Accordingly, Plaintiff's claim as against Nassau County Police Department 3rd Precinct is DISMISSED WITH PREJUDICE and is redirected as against Nassau County.  The Clerk of the Court is directed to so amend the caption.

      B.    Fourth Amendment Search And Seizure

The Fourth Amendment of the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. Amend. IV.

"Searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment - subject only to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967). One such exception, defined by the Supreme Court, is a search incident to a lawful arrest. See Arizona v. Gant, ___ U.S. ___,

129 S. Ct. 1710, 1716, 173 L. Ed. 2d 485 (2009) (citing Weeks v. United States, 232 U.S. 383, 392, 34 S. Ct. 341, 58 L. Ed. 2d 652 (1914)). A search incident to a lawful arrest encompasses the arrestee's person and the area within his immediate control. Chimel v. California, 395 U.S. 752, 763, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969). The Court's holding in Chimel was applied to the automobile context in New York v. Belton, 453 U.S. 454, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981). There, the Supreme Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." Id. at 460.

Here, the Plaintiff's claim that "a green plastic bag with crack residue which was under the drivers [sic] seat and was not in 'Clear Site' [sic] of the police officers," Compl. at IV, misstates the law. The issue of whether the object that was recovered was in plain sight is not the relevant test when the search was incident to a lawful arrest. Plaintiff's arrest was admittedly made pursuant to "two warrants . . . issued for [his] arrest on 28 Oct 09 and 4 Nov 09." Compl. at IV. Therefore, the search of Plaintiff's car, specifically under the driver's seat, was pursuant to a valid arrest warrant and thus incident to a lawful arrest. Because Plaintiff's claim clearly falls within the scope of a permissible search, such claim is frivolous. See Scott

v. Paterson, 2010 WL 2160141, at *1 (E.D.N.Y. May 26, 2010) ("a complaint is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory.") (quoting Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). Accordingly, the Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

## CONCLUSION

For the reasons set forth above, the Complaint is DISMISSED WITH PREJUDICE and the Clerk of the Court is directed to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   July 22, 2010
         Central Islip, New York